20-1924, Nika Technologies v. United States. And we've got only the government arguing this morning on the side of the appellant or petitioner. Please proceed. May it please the Court. In this case, Nika Technologies appealed to the GAO six days after its debriefing and sought a procurement stay. The statutory deadline was five days. The trial court erred by issuing an injunction to put in force the procurement stay. The Court's ruling is inconsistent with framing... But, Counsel, the written debriefing stated that the government will consider the debriefing closed if additional questions are not received within two business days. And, thus, the briefing wasn't closed until then. And then the government said it would respond within five days. That obviously was so that there could be an appeal within that time. So why wasn't the time extended so that they met the deadline? The point was raised and abandoned in front of the trial court, essentially, Your Honor. The argument is reduced to one of equitable tolling. In other words, the statute of limitations is not jurisdictional. Equitable tolling is available. But the standards for equitable tolling are very strict. And, in fact, after we pointed out how strict the standard was in our initial brief, NECA Technologies denied that they were even seeking equitable tolling. So that issue, while interesting and substantial, I guess, sort of washed out of the case and the trial court did not rely on it or even really address it. Yeah, I'm not clear. I have the same question that Judge Lori had. This is Judge Prost. And I'm not quite clear on what you're telling us. I mean, this is the government's own debriefing letter. Wouldn't you at least agree that this language isn't perfectly clear and create some lack of clarity, at least, in terms of the statutory deadlines? I mean, the government presumably has authority to stop using that. But in as much as it did in this case, does it not create some ambiguity? I think that there was a certain amount of consternation when the letter first surfaced. And I think there were people talking about how to write it more clearly. However, and I think that has happened. However, in the same paragraph, there's an express reference to the class deviation O0011, which is at page 14 of the appendix. And the class deviation clearly says that the deadline is five days if no questions are submitted. And certainly, NICA could take a look at that class deviation if they had any confusion on this point. But the bigger point is, even though it's unfortunate perhaps the way that the letter was written, is that the framework is first, what does the statute say? What were the deadlines that Congress has put in place? And what is put into that letter doesn't really affect the interpretation of the statute. And that's the main point of the decision below. The trial court is purporting to set a standard that will be broadly observed in GAO proceedings. And so the reason for bringing our appeal is to try to have the statute enforced according to its plain meaning. In the context of this particular case- Mr. Poirier. Mr. Poirier, this is Chuck Hughes. Can I just interrupt a minute? I mean, even if we were going to look at the kind of ambiguous, perhaps misleading language in that letter and rely on it as giving additional time to the contractor in this case, hasn't the contractor already essentially gotten all that he would have gotten under that kind of equitable polling reading because he did get the stay and the like? I guess what I'm getting at is that your appeal here is to get us to interpret the language of the statute as a matter of law on the language and not on specific actual context, right? That is the significance, I think, of the appeal. But I also think that we have good grounds for opposing any reliance on the letter. First of all, its significance is only in terms of equitable polling, and they cannot demonstrate equitable polling even with that letter. And furthermore, to the extent that NECA wanted to rely on some grounds other than what was in the opinion, perhaps NECA would have been entitled to do that had they raised it on appeal in their brief, but having decided not to participate and not raised it in the brief, I think the matter is waived under the precedence of this court. Well, I guess what I'm getting at, because obviously they didn't participate because they didn't have any reason to participate and support this, is if we're going to agree with you that this case is not moot because of the, you know, capable of evading review issue here, isn't it because the statutory issue needs to be decided, not a case-specific equitable polling issue? Well, I think that's absolutely the case. And I think that... And if we were going to agree that equitable polling could have applied here based on the misleading letter and that that could have been a basis for the trial court's decision, it doesn't seem like we should be using our authority under the capable of evading review exception to moot this. I also agree with that. And what I would like to add is that in this area, in terms of the deadlines applicable to bid protest and going to the JO and getting a stay, Congress has indicated a great interest in the area and has taken great pains to be very precise in what the rules should be, what the deadlines should be, and the consequences are fairly dramatic. In this case, the agency was seeking to procure maintenance facilities and healthcare facilities in the course of a pandemic. And the agency was able to do various workarounds. But nonetheless, in this case, and in many cases, the application of that procurement stay has very serious and significant consequences. And so Congress has put in place very strict sets of deadlines and has given very careful attention to exactly what the rules should be. In this case, Congress, in Section 818, created a very specific right, very specific remedy, and went to the trouble of establishing a very specific extension to the time available to seek a procurement stay. And in that current... Can I just, Mr. Poirier, can I just clarify one thing? If they had asked for, or if they had had supplemental questions within two days after the briefing and the government had followed up and given answers, would the five-day period run from those answers, not the original briefing? Right. Pursuant to Section 3553D4B, which is the new section that was created, the five days run from the date that the questions are...the written answers to the questions, rather, are given to the protester. So in other words, under the statute, the agency has five days to provide the written answer, but if they provide the written answer on the second day, then the five days to seek a stay runs from that second day when the answer is provided. So it's a very simple rule. Once the written answers from the agency are given to the protester, then that five days begins to run from then. And there's other aspects of the Section 818. If you take a look at it, they're not really implicated in this case, but the first section, which is on page 11 of the appendix, goes into when the exact procurement decision needs to be produced to a protester and then what dollar amount. What I draw from that is that Congress has been very fastidious in crafting very precise rules and very precise deadlines for these debriefings and for the right to invoke a procurement stay at the GAO. These are sensitive matters, and the rules should be enforced as written. And frankly, the statute is fairly easy to construe, and I don't think that the plain meaning is difficult to discern. And certainly, the Department of Defense, in drafting a class deviation, which largely parrots the statute, in an almost offhand manner, they point out that if there's no written questions submitted, then the five days run from the debriefing date offered. Anything further? I think I've actually covered most of the main points, Your Honor. And we'd like to respectfully request that the decision below be reversed. Okay. Thank you. And the case is submitted. That concludes our proceeding for this morning. Thank you. The honorable court is adjourned until tomorrow morning at 10 a.m.